# ANDERSON *v.* SANDS.

DECREE; RES JUDICATA; ACCOUNTING; TRUSTS AND TRUSTEES; ESTOPPEL.

1. A decree of general accounting against the trustee of a testamentary trust is *res judicata* as to his right to reimbursement for expenditures and compensation for services, since such claims should have been submitted at the time of the general accounting.   (Citing *Gray* v. *District of Columbia,* 1 App. D. C. 20.)

2. The failure of the trustee of a testamentary trust against whom a decree of general accounting has been rendered, to appeal from a subsequent decree denying his petition for reimbursement for expenses and compensation for services, estops him from reopening either decree for the purpose of asserting such claim.  (Following *Schwartz* v. *Costello,* 11 App. D. C. 553.)

No. 2507.  Submitted May 5, 1913.  Decided May 26, 1913.

HEARING on an appeal by the complainant (specially allowed) from an order of the Supreme Court of the District of Columbia, referring the case to the auditor in a suit for an accounting by the defendant of his trusteeship under a will.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of the District of Columbia in an action by appellant, Henrietta Sands Anderson, to require an accounting by appellee, Francis P. B. Sands, defendant below, of his trusteeship under a will.

It appears that defendant's wife, Emilie A. Sands, died February 28, 1884, leaving surviving her husband and three daughters, of whom plaintiff, appellant, is one.  In her will, defendant (the husband) was named as executor, and was given a life estate and made trustee of the corpus of the estate.  Plaintiff's bill was for an accounting.  Issue was joined, voluminous evidence taken, and, on hearing, the court, upon

the pleadings, testimony, and report of the auditor stating the account and the exceptions filed thereto by both plaintiff and defendant, rendered a final decree March 10, 1909, allowing defendant the sum of $40,839.26, out of the corpus of the estate for the past maintenance of his children, and further decreeing "that said defendant, Francis P. B. Sands, is indebted to the corpus of the trust estate created by the will of Emilie A. Sands, deceased, in the sum of twenty-eight thousand, four hundred fourteen dollars and forty-two cents ($28,414.-42), without interest, being the amount expended by him, without authority, of the said corpus of the said trust estate, and that the said Francis P. B. Sands is personally liable for the sum, without interest. * * * That as to all the matters set forth above, this decree is a final decree." The costs were taxed against defendant; and the National Savings & Trust Company, of this city, was substituted trustee by deed from defendant. The court retained jurisdiction for the purpose of "considering petitions of the substituted trustee, or any parties in interest, for directions as to the management of the said estate, for approving the actions of the said substituted trustee, and for receiving its accounts." No appeal was taken from this decree.

On May 2, 1912, defendant filed in the court below a petition claiming an allowance for certain moneys which he alleged he had expended between the date of submitting his account to the auditor and the date of the taking over of the estate by the substituted trustee, and also compensation for his services as trustee from March, 1884, to February, 1910, and praying that the matter be referred to the auditor for a report as to the amount found to be due defendant on account of the above claims. Plaintiff answered that the subject-matter of the petition was *res judicata* by the former final decree. On hearing, the court, June 11, 1912, entered an order holding that the subject-matter of the petition was *res judicata* by the final decree of March 10, 1909. No appeal was taken from this order.

After the expiration of the term at which the above decree

was entered, and on October 5, 1912, defendant renewed his petition before a different judge of the court than the one who had made the former orders. On hearing, the court, December 30, 1912, entered a decree allowing the petition, and referring the matter to the auditor with instructions to "report to the court the amount of the disbursements, if any, for interest on mortgages on the estate, and for taxes upon the unimproved realty of the estate that have been made by the petitioner since October 1, 1907. And further, that the auditor be directed to examine and report upon the amount of the fair and reasonable compensation, if any, that should be allowed to the said petitioner for his services in managing the said estate since March 1, 1884." The case is here upon the allowance of a special appeal from this decree.

*Mr. Frank J. Hogan* for the appellant.

*Mr. Francis P. Sands, in propria persona,* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The foregoing statement disposes of this case. The claims of defendant were such as could and should have been submitted to the auditor at the time of the original general accounting. Defendant is foreclosed by the final decree of March 10, 1909, from asserting the present claims. *Gray* v. *District of Columbia,* 1 App. D. C. 20. That decree is *res judicata* of the matters set forth in defendant's petition. The matters presented in the petition were directly disposed of in the decree of June 11, 1912. Hence, defendant is estopped to reopen either decree by reason of his failure to take timely action by appeal or otherwise. *Schwartz* v. *Costello,* 11 App. D. C. 553.

The decree is reversed, with costs, and the cause is remanded with instructions to dismiss the petition.

*Reversed and remanded.*

On June 2, 1913, a motion for rehearing was overruled.